IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GREGORY GILMER JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 21-cv-980-DWD |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent.[1] | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

On August 16, 2021, Petitioner Gregory Gilmer Jr. filed his Petition for Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1). Petitioner challenges his three-year term of supervised release ordered pursuant to a judgment entered on March 5, 2015 in the United States District Court for the Southern District of Illinois, Case No. 14-CR-30141-002-MJR, at Doc. 71. The Petition is now before the Court for a preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts.[2] Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct

---

[1] Petitioner has named the wrong respondent. Rule 2(a) of the Rules Governing Section 2254 Cases requires that a petitioner name as respondent the officer that has current custody over him. *See Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996). Here, Petitioner is being held at the Jefferson County Justice Center in Mt. Vernon, IL pending a final revocation hearing currently set for September 2, 2021 (*See* Doc. 1; *United States of America v. Gregory Gilmer Jr.*, 14-CR-30141-002-MJR, at Doc. 139, Doc. 170). Therefore, the Warden of Jefferson County Justice Center is the appropriate Respondent.

[2] Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

1

the clerk to notify the petitioner." After carefully reviewing the Petition, the Court concludes that this action must be dismissed.

## Discussion

Petitioner pled guilty to two counts for conspiracy to commit bank robbery (Count 1) and armed bank robbery and/or aiding and abetting armed bank robbery (Count 2) in violation of 18 U.S.C. §§ 271, 2113(a), (d). *See United States of America v. Gregory Gilmer Jr.*, 14-CR-30141-002-MJR, at Docs. 35, 49, 71. On March 5, 2015, Petitioner was sentenced to a total term of imprisonment of 70 months, to be followed by a three-year term of supervised release. *Id.*, at Doc. 71. Petitioner began serving his supervised release on July 26, 2019. *Id.*, at Doc. 124. On October 8, 2020, a Petition for Revocation of Petitioner's Supervised Release was filed. *Id.* Petitioner was ordered detained pending a final revocation hearing, which is currently set for October 26, 2021. *Id.* at Docs. 139, 176.

In his Petition, Gilmer challenges the validity of the imposition of his term of supervised release, arguing that this term is unconstitutional (Doc. 1). Petitioner generally raises three arguments in support of his Petition: that his term of supervised release violates the separation of powers doctrine, the double jeopardy clause, and is unconstitutional because the Court has no statutory authority to impose terms of supervised release (Doc. 1, pp. 2, 6-7, 10-21). These general challenges boarder on frivolous.[3] Nevertheless, and as detailed below, dismissal is required because Petitioner cannot meet the stringent requirements for bringing a § 2241 challenge.

---

[3] Without commenting on the merits of Petitioner's arguments, the Court notes that one felony sentence may consist of multiple parts: an imprisonment and supervised release. *See United States v. Wyatt*, 102 F.3d 241, 245 (7th Cir. 1996); *see also* 18 U.S.C. § 3583(a) (a district court, "in imposing a sentence to a term of

Aside from the direct appeal process, a prisoner who has been convicted in federal court is ordinarily limited to challenging the validity of his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). Unlike § 2255 motions, petitions for writ of habeas corpus under 28 U.S.C. § 2241 are normally limited to challenging the execution of a sentence and may not be used to raise claims of legal error in conviction or sentencing. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Therefore, challenges to a federal sentence or conviction under § 2241 are only available in very limited circumstances.

Here, Petitioner invokes the "savings clause" of 28 U.S.C. § 2255(e), which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). Section 2255 relief is inadequate "when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998) (emphasis in original). Therefore, before relief under § 2241 becomes available, a petitioner must demonstrate the inability of a § 2255 motion to cure the alleged defect in their conviction

---

imprisonment for a felony or a misdemeanor, may include *as a part of the sentence* a requirement that the defendant be placed on a term of supervised release after imprisonment.") (emphasis added). Thus, district courts have statutory authority from Congress to impose terms of supervised release without violating the double-jeopardy clause or "fair warning" doctrine. *See Knope v. United States*, 2017 WL 1052588, at *9 (E.D. Wis. Mar. 20, 2018); *United States v. Lee*, 84 F.Supp.3d 7, 10 (D.D.C. 2015) (rejecting double-jeopardy challenge to imposition of a term of supervised release to follow a term of imprisonment); *accord United States v. Camacho-Dominguez*, 905 F.2d 82, 84 (5th Cir. 1990).

3

because of a structural problem inherent in § 2255. *See Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015) (Petitioner must show "something more than a lack of success with a section 2255 motion" before the savings clause is satisfied).

Following *Davenport* and its progeny, the Seventh Circuit has developed a three-part test for determining whether § 2255 is inadequate or ineffective so to trigger the savings clause:

> 1. The federal prisoner must seek relief based on a decision of statutory interpretation (as opposed to a decision of constitutional interpretation, which the inmate could raise in a second or successive § 2255 motion);
>
> 2. The statutory rule of law in question must apply retroactively to cases on collateral review *and* could not have been invoked in a first § 2255 motion; and
>
> 3. A failure to afford the prisoner collateral relief would amount to an error "grave enough" to constitute "a miscarriage of justice."

*Worman v. Entzel*, 953 F.3d 1004, 1008 (7th Cir. 2020) (emphasis in original) (citing *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016) and *Beason v. Marske*, 926 F.3d 932, 935 (7th Cir. 2019)); *see also Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019).

Here, Petitioner cannot satisfy the threshold requirement to bring a § 2241 action under the "savings clause" of § 2255(e), namely, a showing that § 2255 procedure is inadequate or ineffective to challenge his conviction or detention. To the extent Petitioner's arguments invoke the statutory interpretation of 18 U.S.C. § 3583(a), these arguments are not new. Further, Petitioner has not filed a motion under 28 U.S.C. § 2255 in his sentencing court (Doc. 1). As such, Petitioner was not categorically barred from

pursuing his claims through a § 2255 motion.  *See Montana v. Cross*, 829 F.3d 775, 785 (7th Cir. 2016) (To succeed on the second *Davenport* prong, Petitioner must show that "it would have been futile" to raise his claim in an original section 2255 motion) (internal citations omitted).

Petitioner argues that § 2255 is unavailable to him because the one-year statute of limitations in 28 U.S.C. § 2255(f) has passed.  However, the fact that the one-year limitations period has expired does not render § 2255 an inadequate or ineffective remedy.  *See Morales v. Bezy*, 499 F.3d 668, 672 (7th Cir. 2007) (a petitioner cannot let the one-year deadline pass and then take advantage of the fact that § 2241 has no limitations period); *in accord Cradle v. United States ex rel. Miner*, 290 F.3d 536 (3rd Cir. 2002) ("Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.  The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements.") (internal citations omitted).

Instead, a § 2255 proceeding "is 'inadequate or ineffective' only when a structural problem in § 2255 forecloses even one round of effective collateral review – and then only when as in *Davenport* the claim being foreclosed is one of actual innocence."  *Taylor v. Gilkey*, 314 F.3d 832, 835-836 (7th Cir. 2002).  Therefore, where the claim being advanced in a § 2241 petition could have been, or was, advanced in a prior § 2255 motion, the remedy offered by § 2255 is not inadequate or ineffective. *Id.*; *see also Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003).

5

Here, Petitioner's arguments do not rely on a new rule of statutory construction, or on a new rule of any kind.  They are all arguments that Petitioner could have raised in a § 2255 motion.  Accordingly, because Petitioner cannot show that a § 2255 proceeding is inadequate or ineffective to challenge his conviction or detention he cannot satisfy the threshold requirements to bring a § 2241 action under the "savings clause" of § 2255(e), and his petition must be dismissed.

## Conclusion

For the above-stated reasons, Petitioner cannot show that a § 2255 proceeding is inadequate or ineffective to test the legality of his detention.  Petitioner Gregory Gilmer Jr.'s Petition (Doc. 1) is **DISMISSED with prejudice**.  The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his § 2241 Petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000). If Petitioner wishes to appeal, he may file a notice of appeal with this Court within 30 days of the entry of judgment.  Fed. R. App. P. 4.

**SO ORDERED.**

Dated:  October 14, 2021

_____
DAVID W. DUGAN
United States District Judge